# UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF WISCONSIN

| | |
|---|---|
| UNITED STATES OF AMERICA | **JUDGMENT IN A CRIMINAL CASE** |
| v. | Case Number: 05-CR-281 |
| | USM Number: 08115-089 |
| JEFFREY J. BELL | Patrick G. Seubert |
| | Defendant's Attorney |
| | Timothy W. Funnell |
| | Assistant United States Attorney |

THE DEFENDANT pleaded guilty to counts one and two of the information.

**The defendant is adjudicated guilty of these offense(s):**

| Title & Section | Nature of Offense | Offense Ended | Count |
|---|---|---|---|
| 18 U.S.C. § 1343 | Wire fraud | November 19, 2003 | 1 |
| 18 U.S.C. § 1343 | Wire fraud | May 4, 2004 | 2 |

The defendant is sentenced as provided in Pages 2 through 6 of this judgment.  The sentence is imposed pursuant to the Sentencing Reform Act of 1984.

IT IS ORDERED that the defendant must notify the United States Attorney for this district within 30 days of any change of name, residence, or mailing address until all fines, restitution, costs, and special assessments imposed by this judgment are fully paid.  If ordered to pay restitution, the defendant must notify the court and the United States attorney of any material change in the defendant's economic circumstances.

Date of Imposition of Judgment
April 14, 2006

s/ William C. Griesbach, U.S. District Judge
Signature of Judicial Officer

April 19, 2006
Date

Defendant: JEFFREY J. BELL
Case Number: 05-CR-281

## IMPRISONMENT

The defendant is hereby committed to the custody of the United States Bureau of Prisons to be imprisoned for a total term of thirty-seven (37) months as to counts one and two of the information to run concurrently to each other for a total term of thirty-seven (37) months imprisonment.

☒ The court makes the following recommendations to the Bureau of Prisons:
The defendant be placed in a facility in or near the State of Wisconsin.

☒ The defendant is remanded to the custody of the United States Marshal.

☐ The defendant shall surrender to the United States Marshal for this district

☐ at _____ a.m./p.m. on _____.

☐ as notified by the United States Marshal.

☐ as notified by the Probation or Pretrial Services Office.

☐ The defendant shall surrender for service of sentence at the institution designated by the Bureau of Prisons,

☐ before _____ a.m./p.m. on _____.

☐ as notified by the United States Marshal.

☐ as notified by the Probation or Pretrial Services Office.

## RETURN

I have executed this judgment as follows:

_____

_____

_____

Defendant delivered on _____ to _____

at _____ with a certified copy of this judgment.

UNITED STATES MARSHAL

By: _____
Deputy United States Marshal

Defendant: JEFFREY J. BELL
Case Number: 05-CR-281

## SUPERVISED RELEASE

Upon release from imprisonment, the defendant shall be on supervised release for a term of three (3) years as to counts one and two of the information to run concurrently for a total term of three (3) years supervised release.

The defendant must report to the probation office in the district to which the defendant is released within 72 hours of release from the custody of the Bureau of Prisons.

The defendant shall not commit another federal, state or local crime.

The defendant shall not unlawfully possess a controlled substance. The defendant shall refrain from any unlawful use of a controlled substance.

☒      The above drug testing condition is suspended based on the court's determination that the defendant poses a low risk of future substance abuse.

☒      The defendant shall not possess a firearm, ammunition, destructive device, or any other dangerous weapon.

☒      The defendant shall cooperate in the collection of DNA as directed by the probation officer.

☐      The defendant shall register with the state sex offender registration agency in the state where the defendant resides, works, or is a student, as directed by the probation officer.

☐      The defendant shall participate in an approved program for domestic violence.

If this judgment imposes a fine or a restitution obligation, it is a condition of supervised release that the defendant pay in accordance with the Schedule of Payments sheet of this judgment.

The defendant must comply with the standard conditions that have been adopted by this court as well as with any additional conditions on the attached page.

## STANDARD CONDITIONS OF SUPERVISION

1. the defendant shall not leave the judicial district without permission of the court or probation officer;
2. the defendant shall report to the probation officer and shall submit a truthful and complete written report within the first five days of each month;
3. the defendant shall answer truthfully all inquiries by the probation officer and follow the instructions of the probation officer;
4. the defendant shall support his or her dependents and meet other family responsibilities;
5. the defendant shall work regularly at a lawful occupation, unless excused by the probation officer for schooling, training, or other acceptable reasons;
6. the defendant shall notify the probation officer at least ten days prior to any change in residence or employment;
7. the defendant shall refrain from excessive use of alcohol and shall not purchase, possess, use, distribute, or administer any controlled substance or any paraphernalia related to any controlled substances, except as prescribed by a physician;
8. the defendant shall not frequent places where controlled substances are illegally sold, used, distributed, or administered;
9. the defendant shall not associate with any persons engaged in criminal activity, and shall not associate with any person convicted of a felony, unless granted permission to do so by the probation officer;
10. the defendant shall permit a probation officer to visit him or her at any time at home or elsewhere and shall permit confiscation of any contraband observed in plain view of the probation officer;
11. the defendant shall notify the probation officer within seventy-two hours of being arrested or questioned by a law enforcement officer;
12. the defendant shall not enter into any agreement to act as an informer or a special agent of a law enforcement agency without the permission of the court;
13. as directed by the probation officer, the defendant shall notify third parties of risks that may be occasioned by the defendant's criminal record or personal history or characteristics and shall permit the probation officer to make such notifications and to confirm the defendant's compliance with such notification requirement.

Defendant: JEFFREY J. BELL
Case Number: 05-CR-281

## ADDITIONAL SUPERVISED RELEASE TERMS

1. The defendant is to pay any balance of the restitution at a rate of not less than $200.00 per month. The defendant will also apply 100 percent of his or her yearly federal and state tax refunds toward payment of the restitution. The defendant shall not change exemptions without prior notice of the supervising probation officer.

2. The defendant shall not open new lines of credit, which includes the leasing of any vehicle or other property, or use existing credit resources without the prior approval of the supervising probation officer. After the defendant's court-ordered financial obligations have been satisfied, this condition is no longer in effect.

3. The defendant is to provide access to all financial information requested by the supervising probation officer including, but not limited to, copies of all federal and state tax returns. All tax returns shall be filed in a timely manner. The defendant shall also submit monthly financial reports to the supervising probation officer.

4. The defendant shall cooperate in the collection of DNA under the guidance and supervision of the supervising probation officer.

5. The defendant shall not hold employment having fiduciary responsibilities during the supervision term without first notifying the employer of his or her conviction. The defendant shall not hold self-employment having fiduciary responsibilities without approval of the supervising probation officer.

6. The defendant is to cooperate with the Child Support Enforcement Unit in payment of any child support or arrearages and to make regular payments under the guidance and supervision of the supervising probation officer.

Defendant: JEFFREY J. BELL
Case Number: 05-CR-281

## CRIMINAL MONETARY PENALTIES

The defendant must pay the total criminal monetary penalties under the Schedule of Payments on the attached page.

|  | __Assessment__ | __Fine__ | __Restitution__ |
|---|---|---|---|
| __Totals:__ | $200.00 | $ | $255,840.84 |

☐      The determination of restitution is deferred until ___. An *Amended Judgement in a Criminal Case* (AO 245C) will be entered after such determination.

☐      The defendant must make restitution (including community restitution) to the following payees in the amount listed below.

If a defendant makes a partial payment, each payee shall receive an approximately proportioned payment, unless specified otherwise in the priority order or percentage payment column below. However, pursuant to 18 U.S.C. § 3664(i), all nonfederal victims must be paid before the United States is paid.

| __Name of Payee__ | __**Total Loss__ | __Restitution Ordered__ | __Priority or Percentage__ |
|---|---|---|---|
| John Perry<br>48W880 Chandelle Road<br>Hampshire, IL 60140 |  | $29,200.00 |  |
| Birch Entriken<br>216 Lemmon Drive #393<br>Reno, NV 89506 |  | $60,100.00 |  |
| Jeffrey Reinke<br>113 Transquility Court<br>Beaufort, NC 28516 |  | $30,000.00 |  |
| Jay Simpson<br>8521 W. Crabtree Road<br>Hixson, TN 37343 |  | $69,500.00 |  |
| Mark Benton<br>219 Musconetcong River Rd<br>Washington, NJ 07882-3018 |  | $22,000.00 |  |
| James Sagerser<br>Summer Address:<br>Oehler Road<br>Soldotna, AK<br>Winter Address:<br>700 N. Dobson Road #2<br>Chandler, AZ 85224 |  | $35,040.84 |  |
| Deer Park Airport, Inc.<br>Attn: Susan Mancuso<br>13 Felix Avenue<br>P.O. Box 303<br>Remsenberg, NY 11960 |  | $10,000.00 |  |
| __Totals:__ | __$__ | __$255,840.84__ |  |

Defendant: JEFFREY J. BELL
Case Number: 05-CR-281

☒    Restitution amount ordered pursuant to plea agreement: $ 255,840.84 .

☐    The defendant must pay interest on any fine or restitution of more than $2,500.00, unless the fine or restitution is paid in full before the fifteenth day after the date of the judgment, pursuant to 18 U.S.C. § 3612(f). All of the payment options on the Schedule of Payments may be subject to penalties for delinquency and default, pursuant to 18 U.S.C. § 3612(g).

☐    The court determined that the defendant does not have the ability to pay interest, and it is ordered that:

     ☐    the interest requirement is waived for the    ☐ fine    ☐ restitution.

     ☐    the interest requirement for the    ☐ fine ☐ restitution, is modified as follows:

**    Findings for the total amount of losses are required under Chapters 109A, 110, 110A, and 113A of Title 18, United States Code, for offenses committed on or after September 13, 1994 but before April 23, 1996.

Defendant: JEFFREY J. BELL
Case Number: 05-CR-281

## SCHEDULE OF PAYMENTS

Having assessed the defendant's ability to pay, payment of the total criminal monetary penalties are due as follows:

**A**   ☐   Lump sum payment of $_____ due immediately, balance due

        ☐   not later than _____, or

        ☐   in accordance with ☐ C, ☐ D, ☐ E, or ☐ F below; or

**B**   ☒   Payment to begin immediately (may be combined with ☐ C, ☒ D, ☐ E, or ☒ F below; or

**C**   ☐   Payment in equal monthly installments of $_____until paid in full, to commence 30 days after the date of this judgment; or

**D**   ☒   Payment in equal monthly installments of $200.00 per month until paid in full, to commence 30 days after release from imprisonment to a term of supervision; or

**E**   ☐   Payment during the term of supervised release will commence within 30 days after release from imprisonment. The court will set the payment plan based on an assessment of the defendant's ability to pay at that time; or

**F**   ☒   Special instructions regarding the payment of criminal monetary penalties: The defendant is to pay any balance of the restitution at a rate of not less than 25% of prison income, if any.

Unless the court has expressly ordered otherwise, if this judgment imposes imprisonment, payment of criminal monetary penalties is due during the period of imprisonment. All criminal monetary penalties, except those payments made through the Bureau of Prisons' Inmate Financial Responsibility Program, are made to the clerk of court.

The defendant shall receive credit for all payments previously made toward any criminal monetary penalties imposed.

☐   Joint and Several
Defendant and Co-Defendant Names, Case Numbers (including defendant number), Total Amount, Joint and Several Amount, and corresponding payee, if appropriate:

☐   The defendant shall pay the cost of prosecution

☐   The defendant shall pay the following court costs

☐   The defendant shall forfeit the defendant's interest in the following property to the United States:

Payments shall be applied in the following order: (1) assessment, (2) restitution principal, (3) restitution interest, (4) fine principal, (5) fine interest, (6) community restitution, (7) penalties, and (8) costs, including cost of prosecution and court costs.